**Bridget Hofler SAUNDERS, Movant,**

*v.*

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2001–SC–0888–KB.**

Supreme Court of Kentucky.

Dec. 20, 2001.

William C. Oldfield, David E. Davidson, Covington, Counsel for Movant.

Bruce K. Davis, Executive Director, Jane H. Herrick, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Respondent.

*OPINION AND ORDER*

Movant, Bridget Hofler Saunders, was charged by the Inquiry Commission with violations of SCR 3.130–1.16(d) and SCR 3.175. As part of settlement with the KBA, Movant moves this Court to suspend her from the practice of law for sixty days and order her to refund a $1,000.00 retainer. We grant Movant's request.

Movant agreed to represent Joan Geohegan in her action for dissolution of marriage. Ms. Geohegan paid Movant $1,000.00 for her representation and

---

$200.00 filing fee. Ms. Geohegan decided not to file for dissolution and eventually decided not to proceed with the divorce. Ms. Geohegan then tried to contact Movant to get a refund of the retainer. Movant was no longer at this address however. Ms. Geohegan contacted the KBA to receive Movant's address. The address on file with the KBA was Movant's old address and a letter sent to it by Ms. Geohegan was returned unclaimed. She then filed a complaint with the KBA.

Movant admits that she violated SCR 3.130–1.16(d) "by failing to timely refund part or all of the unearned retainer" paid by Ms. Geohegan. SCR 3.130–1.16(d) provides "upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned." Movant also admits she violated SCR 3.175 which provides

> each attorney licensed by the Supreme Court to practice law in this Commonwealth shall maintain with the Director of the Association a current address at which he or she may be communicated with by mail and shall upon a change of that address notify the Director within thirty (30) days of the new address.

Movant has had prior disciplinary action taken against her in 1994. A public reprimand was issued for lack of diligence and adequate communication and a private admonition for neglect of a legal matter.

Movant wishes the KBA proceedings to be terminated and in exchange consents to a sixty day suspension from the practice of law and repayment of the $1,000.00 retainer. Movant claims to have deposited the money in an escrow account and given her new address to the Director.

It is ordered that:

1. Movant, Bridget Hofler Saunders, is hereby suspended from the practice of law in the Commonwealth of Kentucky for sixty days. The period of suspension shall commence on the date of entry of this Order.

2. Movant is directed to refund the $1,000.00 retainer to Joan Geohegan.

3. Movant is directed to reimburse Ms. Geohegan for court costs incurred.

All sitting, all concur.

ENTERED: December 20, 2001.
/s/ *Joseph E. Lambert*
Chief Justice